UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEREK MOORE,                              )
                                          )
                    Petitioner,           )
                                          )     CAUSE NO. 3:12-CV-620 PS
       vs.                                )
                                          )
SUPERINTENDENT,                           )
                                          )
                    Respondent.           )

OPINION AND ORDER

Derek Moore, a *pro se* prisoner, filed a habeas petition challenging a prison disciplinary

proceeding. (DE 1.) Moore was found guilty of attempted battery at Indiana State Prison ("ISP"),

after an unusual set of events which began on January 20, 2012, when a guard found him lying on

the floor of his cell with bruises on his face. Moore claimed that a group of inmates had robbed and

beaten him, but an internal affairs investigation concluded that it was Moore who was the aggressor.

It was determined that Moore had attempted to rob a group of inmates with a make-shift weapon,

leading one of them to punch him in the face and knock him out.

On January 27, 2012, the internal affairs investigator issued a conduct report under ISP-12-

01-0374 charging Moore with attempted battery. (DE 15-1 at 1.) The report notified Moore that he

was accused of trying to rob a group of inmates residing on the 500 Range, that he had allegedly

displayed a weapon, and was heard stating, "I am going to kill you." (*Id.*) The report further notified

Moore that a weapon had been recovered, and referred to a confidential investigation report of the

incident. (*Id.*, DE 16.)

On February 1, 2012, Moore was notified of the charge and given a copy of the conduct

report. (DE 15-1, 15-2.) He pled not guilty, declined the assistance of a lay advocate, and requested

"witness reports," as well as physical evidence and video "that has to do with case 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." (DE 15-2.) He also requested to be allowed to "confront" his accuser. (*Id.*) Moore was given all non-confidential staff reports prior to the hearing, and the hearing officer also viewed surveillance video from the 500 Range on the date in question, but determined that she could not see the incident due to the location of the camera. (DE 15-4 at 7.)

On February 14, 2012, a hearing was conducted. Moore made a statement that he had not tried to rob anyone, and claimed instead that he was the victim. (DE 15-4 at 1.) The hearing officer denied his request to confront his accuser for security reasons. (*Id.*) She considered Moore's statement, staff reports, the confidential internal affairs report, and his medical records, and found him guilty. (*Id.* at 1.) Moore appealed to the facility head and final reviewing authority, but his appeals were denied. (DE 15-5, DE 15-6.) Thereafter, he filed the present petition.

When prisoners lose earned time credits in prison disciplinary hearings, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). To satisfy due process, there must also be "some evidence" in the record to support the hearing officer's determination. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

As an initial matter, the respondent requests that the confidential internal affairs file be maintained under seal due to security concerns. (DE 16.) Upon review, I agree that the file contains sensitive information, the disclosure of which could be harmful to other individuals or compromise

the security of the facility. Accordingly, the motion will be granted. *See Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1078 (7th Cir. 1994); *Wells v. Israel*, 854 F.2d 995, 999-1000 (7th Cir. 1988).

Turning to the petition, Moore raises one claim: that the hearing officer should have presented him with the weapon, or at least a photograph of it, at the disciplinary hearing.[1] (DE 1 at 3-4.) The exact legal basis of Moore's claim is somewhat unclear. He may have envisioned the hearing proceeding like a criminal trial, but "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The hearing officer was not required to produce physical evidence to support the charge, nor was she required to let Moore "confront" the witnesses or evidence she considered. *See Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992) ("Inmates have no right to confront and cross examine adverse witnesses; thus, a disciplinary board's decision is not limited to evidence presented at the hearing.").

Moore may be trying to claim that the hearing officer's failure to produce the weapon violated his right to present exculpatory evidence. A prisoner has a limited due process right to call witnesses and present documentary evidence in his defense, consistent with correctional goals and safety. *Wolff*, 418 U.S. at 566. The denial of evidence will be considered harmless unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011); *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Here, Moore does not offer any reason, nor can I discern any, why the weapon would have been exculpatory. *See Rasheed-Bey*, 969 F.2d at 361(due process only requires production of "exculpatory" evidence); *see also Meeks*

---

[1]  Moore did not file a traverse in support of his petition.

*v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996) ("exculpatory evidence" means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt"). Furthermore, the hearing officer considered the internal affairs file in reaching her decision, which included information about the weapon that was recovered. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (where the evidence in question was considered by the decision-maker, inmate's right to exculpatory evidence was not violated). Under these circumstances, Moore has not established a violation of his due process rights.

Moore may also be trying to challenge the fact that certain evidence was kept confidential in this case. However, "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public[.]" *White*, 266 F.3d at 767. Due process does require that confidential information bear sufficient indicia of reliability. *Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir. 1995). Reliability can be established based on the following: (1) the oath of the investigating officer as to the truth of his report; (2) corroborating testimony; (3) a statement on the record by the chairman of the disciplinary committee that he had firsthand knowledge of the sources of information and considered them reliable on the basis of a past record of reliability; or (4) an *in camera* review of the material. *Id.* If a disciplinary board fails to address the information's reliability, the district court may conduct its own review. *Henderson*, 13 F.3d at 1077); *Wells*, 854 F.2d at 999-1000.

Here, the hearing officer made a general statement that she found the confidential report to be "true and accurate." (DE 15-4 at 2.) In addition, I have independently reviewed the file, and without revealing its contents, I conclude that it contains reliable evidence to support the hearing officer's finding of guilt, as well as undermining Moore's account of what occurred. To the extent

Moore is claiming that the evidence as a whole was insufficient to find him guilty, I disagree. In reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added). A habeas court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson*, 13 F.3d at 1077.

Here, Moore told the hearing officer that he had been robbed. Other evidence suggested an entirely different story. It was the hearing officer's job to make credibility determinations and weigh the conflicting evidence, and it is not my role to reweigh the evidence or make a *de novo* determination of what I think occurred. The sole question is whether there is some evidence to support the hearing officer's determination, and based on the record, this standard is met.

**ACCORDINGLY:**

For the reasons set forth above, the motion for leave to maintain evidence under seal (DE 16) is **GRANTED**, and the petition (DE 1) is **DENIED**.

**SO ORDERED**.

ENTERED: August 5, 2013

 /s/ Philip P. Simon
Philip P. Simon, Chief Judge
United States District Court
